NOT DESIGNATED FOR PUBLICATION

No. 117,202

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAYMIE L. WELCH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed September 1, 2017. Affirmed.

Submitted for summary disposition pursuant K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER, J., and STUTZMAN, S.J.

PER CURIAM: Jaymie Welch appeals the district court's order revoking her probation and requiring her to serve her underlying prison sentence. We granted Welch's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). Finding no error, we affirm the district court.

Welch pled guilty to theft after a prior conviction and criminal use of a financial card in April 2015. The district court imposed underlying 6-month prison sentences on each count and ordered them to run concurrently. It then granted 12 months' probation.

In early 2016, the State filed a warrant alleging that Welch had violated her probation conditions by (1) failing to report to the probation office, (2) failing to make

1

payments on court costs/fines/restitutions, and (3) failing to enroll in and successfully complete a theft prevention class. Welch subsequently admitted to the violations. Rather than imposing the underlying sentence as the State requested, the court instead extended Welch's probation by 12 months.

Just over two months later, the State filed another warrant alleging that Welch violated the terms of her probation. This time, the State alleged, *inter alia*, that Welch committed two new crimes: unlawful use of a financial card and larceny from a building. At the revocation hearing, Welch admitted to the two new crimes and other violations. The court, citing K.S.A. 2016 Supp. 22-3716(c)(8), revoked Welch's probation and ordered her to serve the underlying sentence. Welch filed this timely appeal.

On appeal, Welch argues that the district court abused its discretion in revoking her probation and ordering her to serve the remainder of her underlying 6-month prison sentence. Once the State has proven a violation of the probation conditions, revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012).

Based on our review of the record, we find that the district court's decision to revoke Welch's probation was not arbitrary, fanciful, or unreasonable. It was also not based on an error of fact or law. When a defendant on probation commits a new crime, a court may revoke that probation without first imposing intermediate sanctions. K.S.A. 2016 Supp. 22-3716(c)(8). Here, Welch stipulated to her probation violations, including the commission of two new crimes. The district court indicated it was revoking probation under K.S.A. 2016 Supp. 22-3716(c)(8). We, therefore, affirm the court's decision revoking Welch's probation and ordering her to serve the underlying prison sentence.

2

Affirmed.